IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**REGINA TERRELL and**                       **PLAINTIFFS**
**STACEY TUCKER**

vs.                       No. 1:22-cv-_133_-SA-RP

**FLASH MARKET, LLC**                       **DEFENDANT**

## ORIGINAL COMPLAINT

Plaintiffs Regina Terrell and Stacey Tucker, by and through their attorney Lydia Hicks Hamlet of Sanford Law Firm, PLLC, for their Original Complaint ("Complaint") against Defendants Flash Market, LLC, (collectively "Defendant") do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This action is brought by Plaintiffs Regina Terrell and Stacey Tucker (collectively "Plaintiffs") against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Aberdeen Division of the Northern District of Mississippi; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff Regina Terrell ("Terrell") is an individual and resident of Jasper County.

6. Plaintiff Stacey Tucker ("Tucker") is an individual and resident of Pike County.

7. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

8. Defendant Flash Market, LLC ("Flash Market"), is a foreign, for-profit corporation.

9. Upon information and belief, Flash Market owns and operates multiple Flash Market stores throughout Mississippi.

10. Flash Market's registered agent for service in Mississippi is Northwest Registered Agent Service, Inc. at 270 Trace Colony Park, Suite B, Ridgeland, MS 39157.

11. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant Flash Market, LLC, is liable as Plaintiffs' direct employer following its purchase of all or some stores owned by PFMFC, Inc.

15. Defendant Flash Market, LLC, maintained a continuity of business being provided by PFMFC, Inc., taking over and offering similar or identical services at the same locations.

### IV. FACTUAL ALLEGATIONS

16. Terrell worked for Defendant as a cashier and cook from approximately March 2021 to August 2021.

17. Tucker worked for Defendant as an hourly worker from approximately March 2021 to April 2021.

18. Plaintiffs previously opted into a conditionally certified collective action in *Dunlap et al v. Flash Market, LLC, et al*., 4:20-cv-5-BSM (E.D. Ark. 2020) which was decertified.

19. Plaintiffs' statute of limitations for their individual claims in this lawsuit were tolled from the date each Plaintiff filed a Consent to Join in the *Dunlap* case through September 15, 2022.

20. Though Plaintiffs' job titles varied, the job duties they performed overlapped substantially. For example, both Plaintiffs were at times responsible for running the cash register, preparing food, stocking shelves, and cleaning.

21. Plaintiffs worked at Defendant's store in Kossuth.

22. Plaintiffs frequently worked more hours than they were scheduled, which went unrecorded and uncompensated.

23. Plaintiff's duties during these off-the-clock hours included arriving early to prepare the store for opening, reviewing inventory, and cleaning.

24. These off-the-clock hours amounted to around thirty (30) additional hours per week for which Plaintiffs were not compensated.

25. Defendant had a timekeeping system by which Plaintiffs clocked in and out, but Defendant discouraged Plaintiffs from recording their hours once the store reached a pre-determined quota of employee hours.

26. Defendant directed Plaintiffs to not clock in while performing the off-the-clock duties.

27. Defendant knew or should have known that Plaintiffs were working additional hours off-the-clock for which they were not compensated.

### V.  CLAIM FOR RELIEF
### (Claims for FLSA Violations)

28. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

29. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

30. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

31. Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

32. Defendant failed to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours per week.

33. Defendant knew or should have known that their actions violated the FLSA.

34. Defendant's conduct and practices, as described above, were willful.

35. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

36. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Regina Terrell and Stacey Tucker respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiffs for all unpaid overtime compensation under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA and its related regulations.

D. An order directing Defendant to pay Plaintiffs prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**REGINA TERRELL and STACEY TUCKER, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Center Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Lydia H. Hamlet*
Lydia H. Hamlet
Miss. Bar No. 103612
lydia@sanfordlawfirm.com